IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARY DIXON PLAINTIFF

v. CIVIL NO. 25-6136

FRANK BISIGNANO, Commissioner
Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Mary Dixon, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on January 10, 2022, and July 1, 2022, respectively, alleging an inability to work since December 16, 2021, due to blindness and low vision, rheumatoid arthritis, cerebrovascular problems, neck pain, migraines, right leg problems, fasciitis in both feet, psoriasis, high blood pressure, high cholesterol, anxiety and depression. (Tr. 65, 243, 247). For DIB purposes, Plaintiff maintains insured status through December 31, 2023. (Tr. 18, 265). An administrative telephonic hearing was held on September 3, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 45-64).

By written decision dated December 30, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, depressive disorder, anxiety disorder, hepatitis B, uterine fibroids, gastroesophageal reflux disease (GERD), right knee enthesophyte, tinnitus, migraine headaches, anemia, hypertension, obesity, rheumatoid arthritis, psoriasis, cerebral vascular insult, carpal tunnel syndrome and vision loss. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; frequently balance as defined in Dictionary of Occupational Titles (DOT) and Selective Characteristics of Occupation (SCO); frequently stoop, kneel, crouch, or crawl; frequently handle and finger bilaterally; unable to manipulate extremely small objects such as threading a needle; no work requiring binocular vison or precise depth perception; no work requiring peripheral vision on the left side; no work around unprotected heights or moving mechanical parts; understand, remember, and carry out simple tasks with simple instructions.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a marker, a photocopy machine operator and a mail clerk. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on October 27, 2025 . (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ’s disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues that the ALJ’s RFC determination is not supported by substantial evidence. (ECF No. 12). Defendant argues that the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 13).

The Court has reviewed the entire transcript and the parties’ briefs and finds that substantial evidence of record supports the ALJ’s determination. In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of treating and non-examining agency medical consultants; Plaintiff’s subjective complaints; and her medical records. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. With respect to Plaintiff’s need for an assistive device, Plaintiff points to a medical assessment and treatment notes from her primary care physician, who

noted that she used a cane. In discussing Plaintiff's RFC, the ALJ referenced the medical evidence indicating that Plaintiff used a cane when she was seen by her primary care physician; however, he also pointed out Plaintiff did not use a cane when she was being seen by other medical professionals. In fact, the record showed Plaintiff was repeatedly found to have a normal gait and station and normal muscle strength and tone in her lower extremities throughout the relevant time period. The ALJ also took Plaintiff's obesity into account when determining her RFC. *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 7th day of October 2026.

/s/ Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE